UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARCUS L. HARRISON,

    Plaintiff,

v.

D. E. MILLIGAN; et al.,

    Defendants.
                                        /

No. C 09-4665 SI (pr)

**ORDER OF SERVICE AND PARTIAL DISMISSAL**

## INTRODUCTION

Marcus L. Harrison, an inmate at Pelican Bay State Prison, filed a pro se civil rights action under 42 U.S.C. § 1983. His complaint is now before the court for review pursuant to 28 U.S.C. §1915A.

## BACKGROUND

In his complaint, Harrison alleges that some of his incoming and outgoing mail has been confiscated in violation of his First Amendment rights to freedom of association and freedom of speech. He alleges that he received a "stopped mail notification" form signed by defendants correctional officer D. Milligan and correctional Captain Kurt L. McGuyer when his outgoing mail improperly was confiscated on March 1, 2007. He alleges that he received "stop mail notification" forms signed by correctional officer Milligan and correctional captain K. Brandon when his *incoming* mail improperly was confiscated on November 26, 2007, March 19, 2008 (2 pieces), April 9, 2008, and July 14, 2008. He alleges that he received "stop mail notification" forms signed by Milligan and Brandon when his *outgoing* mail improperly was confiscated on February 17, 2009 and March 12, 2009. He alleges that the mail was being confiscated "under

the false premise that the plaintiff is involved in and/or promoting gang activity." Complaint, p. 4.

He also alleges that defendants Barneburg, Vanderhoofven, Rice, Wise, Hawkes, Artis, Miller, Hutchins, Allen, and Grannis denied his administrative appeals in which he complained about the confiscation of his mail.

Harrison also alleges that defendant C/O Hernandez retaliated against him for "exercising my 1st Amendment constitutional right to file 602 appeals and legal petitions in the courts." Complaint, p. 12. C/O Hernandez allegedly obstructed his ability to legally assist another inmate on October 8, 2008 by telling Harrison to remove an exhibit attachment. On March 10, 2009, C/O Hernandez allegedly yelled at him in a "very loud, disrespectful, & accusatory tone of voice!!" and accused him "of always whining and bitching about something!!" Id. at 13. When Harrison asked why she was unprofessional with him, she allegedly responded that it was because he had sent an inmate request inquiring about his request for correspondence. Hernandez allegedly also told him she did not care about his legal deadline when he reminded her of it. Hernandez allegedly also didn't pick up an approved legal correspondence from another prisoner "in a timely manner," although notified that it was ready for pick-up. Id. at 14.

Harrison alleges that C/O B. Newton retaliated against him for exercising his constitutional right to file a "legal petition in the courts against correctional officer B. Newton's fellow correctional officers." Complaint, p. 15. Harrison alleges that, on January 27, 2009, C/O Newton searched his cell and "read and opened the plaintiff's confidential legal mail (e.g. 'legal case') that was clearly marked as being confidential legal mail (e.g. 'a legal case')" outside Harrison's presence under the premise of searching for contraband. The documents taken from his cell were not "confidential legal mail," as Harrison refers to and incorporates (at pp. 15-16 of his Complaint) Newton's description of the materials seized: "Upon further searching I noticed two (2) white manila envelopes containing material on George L. Jackson, founder of the BGF (Black Guerilla Family) and material on the New Afrikan Nationalist movement (the term adopted by the BGF to disguise their gang activity in prison and on the streets." Complaint Exh. E, p. 7.

2

**DISCUSSION**

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

A.   Mail Interference

Prisoners enjoy a First Amendment right to send and receive mail. See Witherow v. Paff, 52 F.3d 264, 265 (9th Cir. 1995) (citing Thornburgh v. Abbott, 490 U.S. 401, 407 (1989)). Liberally construed, the allegations appear to state a claim for relief under § 1983 for a violation of Harrison's First Amendment rights by defendants Milligan, McGuyer and Brandon for their allegedly wrongful confiscation of his incoming and outgoing mail.

Harrison also names as defendants the various persons who reviewed his inmate complaints and appeals regarding the mail confiscation that had occurred, i.e., defendants Barneburg, Vanderhoofven, Rice, Wise, Hawkes, Artis, Miller, Hutchins, Allen, and Grannis. The are not liable for the First Amendment violations Harrison complained about because the violations had already occurred. They are not liable for an incorrect decision on an administrative appeal because a California prisoner has no due process right to a proper functioning inmate appeal system. See generally Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003). These defendants are dismissed.

B.     Retaliation

A claim may be stated under § 1983 where a plaintiff alleges retaliation by state actors for the exercise of his First Amendment rights. See Mt. Healthy City Bd. of Educ. v. Doyle, 429 U.S. 274, 283-84 (1977). Retaliation, though it is not expressly referred to in the Constitution, is actionable because retaliatory actions may tend to chill individuals' exercise of constitutional rights. See Perry v. Sindermann, 408 U.S. 593, 597 (1972). The plaintiff must show that the type of activity he was engaged in was protected by the First Amendment and that the protected conduct was a substantial or motivating factor for the alleged retaliatory acts. See Mt. Healthy, 429 U.S. at 287; Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted) ("Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal.") Retaliation is not established simply by showing adverse activity by defendant after protected speech; rather, plaintiff must show a nexus between the two. See Huskey v. City of San Jose, 204 F.3d 893, 899 (9th Cir. 2000) (retaliation claim cannot rest on the logical fallacy of post hoc, ergo propter hoc, i.e., "after this, therefore because of this").

Harrison's retaliation claims must be dismissed because he has not alleged any facts that would suggest a nexus between his First Amendment activities and the complained-of actions of defendants Hernandez and Newton. While their acts may have followed his First Amendment activity – a fact that is not even clear from his complaint – he only speculates that a retaliatory motive drove their behavior. That kind of speculation is insufficient as a matter of law. Making a decision adverse to a prisoner (or any other person), or having a slow response time to a demanding prisoner, or commenting that the prisoner is too demanding is not inherently retaliatory. Retaliation has a collateral nature that Harrison's approach ignores as he attempts to label as retaliatory everything other than prompt and cheerful responses to his apparently numerous requests.

A separate and additional reason for dismissal of the retaliation claims is that the

4

allegations of the complaint do not show actions that are of sufficient severity that they would chill or silence a person of ordinary firmness from future First Amendment activities.  See Mendocino Envtl. Ctr. v. Mendocino County, 192 F.3d 1283, 1300 (9th Cir. 1999); Coszalter v. City of Salem, 320 F. 3d 968, 975 (9th Cir. 2003).   While confiscation of legal mail might in some cases be cause for concern, there was no legal mail confiscated here – just paperwork that Harrison had misleadingly labeled as legal mail.  Leave to amend will not be granted because the deficiencies in the retaliation claim are not of a sort that can be cured by amendment.

**CONCLUSION**

For the foregoing reasons,

1. The complaint states a claim for relief under 42 U.S.C. § 1983 against defendants correctional officer D. E. Milligan, correctional captain K. Brandon, and correctional captain Kurt L. McGuyer for violations of plaintiff's First Amendment rights to send and receive mail. All other defendants and all other claims are dismissed.

2. The clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, the summons, a copy of the complaint and a copy of this order upon each of the following defendants, who allegedly are employed at Pelican Bay State Prison:

- D. E. Milligan (correctional officer)
- K. Brandon (correctional captain)
- Kurt L. McGuyer (correctional captain)

3. In order to expedite the resolution of this case, the following briefing schedule for dispositive motions is set:

  a. No later than **July 30, 2010**, defendants must file and serve a motion for summary judgment or other dispositive motion.  If defendants are of the opinion that this case cannot be resolved by summary judgment, they must so inform the court prior to the date the motion is due.

  b. Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the court and served upon defendants no later than **September 3, 2010**. Plaintiff must bear in mind the following notice and warning regarding summary judgment as

5

he prepares his opposition to any summary judgment motion:

> The defendants may make a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. [¶] Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. (See Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998).

    c.    If defendants wish to file a reply brief, the reply brief must be filed and served no later than **September 17, 2010**.

    4.    All communications by plaintiff with the court must be served on a defendant's counsel by mailing a true copy of the document to defendant's counsel. The court may disregard any document which a party files but fails to send a copy of to his opponent. Until a defendant's counsel has been designated, plaintiff may mail a true copy of the document directly to defendant, but once a defendant is represented by counsel, all documents must be mailed to counsel rather than directly to that defendant.

    5.    Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

    6.    Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

    7.    Plaintiff is cautioned that he must include the case name and case number for this

1 case on any document he submits to this court for consideration in this case.

2     IT IS SO ORDERED.

3 Dated: May 14, 2010

_____
SUSAN ILLSTON
United States District Judge