UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS L. HARRISON, | No. C 09-4665 SI (pr) |
| Plaintiff, | **ORDER** |
| v. | |
| D. E. MILLIGAN; et al., | |
| Defendants. | |

Plaintiff's motion for default judgment against defendants is DENIED. (Docket # 10.) All three defendants on whom service of process was ordered now have filed an answer (docket # 11) to the complaint and are not in default.

Plaintiff sent a letter requesting the court to order Pelican Bay officials to give him special photocopying privileges. The prison apparently has a policy that states that staff will not duplicate a legal document exceeding 100 pages in length unless the staff receives a court order directing such duplication. Upon due consideration, the court DENIES the request for an order requiring prison officials to exceed the normal photocopy limits to reproduce documents of an unstated length for plaintiff. (Docket # 8.) Plaintiff has not shown a genuine need to exceed the page limits and the circumstances suggest that he should be able to present an opposition with supporting evidence that easily complies with the 100 page limit on photocopying. First, there are page limits on legal briefs in this court: motions and oppositions must not exceed 25 pages and reply briefs must not exceed 15 pages of text. Long-winded and repetitive briefs are unwelcome, regardless of whether they are filed by attorneys or unrepresented litigants. Second, declarations should only include statements of fact, and not legal arguments and not case citations. Legal arguments and case citations generally should be confined to the legal briefs.

Third, there is no reason to attach as an exhibit any document that has already been filed in this action. The court has access to the whole court file for this action, so a simple and clear reference to the document and page being cited is sufficient to enable the court to find the material a party wants considered. It is a waste of resources to attach to plaintiff's opposition as exhibits a copy of the opponent's motion or plaintiff's complaint in the same action, yet this is exactly what plaintiff has done in past cases. See, e.g., docket # 10 (motion for default judgment attaching as Exhibit A a copy of court's order of service and partial dismissal); Harrison v. IGI, No. C 07-3824 SI, docket # 31 (opposition to motion to dismiss attaching as Exhibit C the defendants' motion to dismiss and as Exhibit I the second amended complaint). Plaintiff can use existing exhibits and documents that have been filed by him or defendant without filing a new copy of them. Numerous pages of exhibits were submitted as exhibits to the complaint. To have the court consider any of these existing documents, all that plaintiff needs to do is to provide an accurate reference to the page and document. Fourth, there is no reason or need to submit as exhibits copies of a regulation, statute or published case because the court has ready access to these. Fifth, briefs and evidentiary presentations often can be made more concise by careful attention to details before they are sent to the court (or to the photocopying shop). Several of plaintiff's filings have shown that he has hastily sent out documents (see, e.g., Harrison v. Smith, No. C 08-4123 SI, docket # 4, # 7, # 8, # 9 – mentioning preparation errors in earlier filings); greater care should be exercised to ensure that the first filing is done right. If plaintiff follows these directions, the document he prepares likely will be shorter than the 100+ page thing he is contemplating. Finally, a party without access to unlimited photocopies can always make copies of his briefs and declarations the old-fashioned way, i.e., by handwriting out a second copy that is an accurate reproduction of the first.

Plaintiff's request for judicial notice is DENIED. (Docket # 9.) He misunderstands the function of judicial notice. See Fed. R. Evid. 201.

Defendants filed an ex parte request for a 60-day extension of time to file a dispositive motion. Upon due consideration of the request and the accompanying declaration of attorney Lynne Stocker, the court GRANTS the request. (Docket # 12.) The court now sets the

following new briefing schedule for dispositive motions:

1. Defendants must file and serve their dispositive motion no later than **February 11, 2011**.

2. Plaintiff must file and serve on defense counsel his opposition to the dispositive motion no later than **March 18, 2011**.

3. Defendants must file and serve their reply brief (if any) no later than **April 1, 2011**.

IT IS SO ORDERED.

Dated: December 15, 2010

_____
SUSAN ILLSTON
United States District Judge