United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARCUS L. HARRISON,

Plaintiff,

v.

D.E. MILLIGAN, et al.,

Defendants.

_______________________________/

No. C 09-4665 SI (pr)

**ORDER**

Docket ## 36, 40, and 44

Marcus L. Harrison, an inmate at Pelican Bay State Prison ("PBSP"), filed a pro se civil rights action under 42 U.S.C. § 1983, asserting a First Amendment claim regarding the confiscation of certain outgoing and incoming mail. On September 21, 2011, the court granted in part and denied in part defendants' summary judgment motion. See Docket #20. Harrison has filed a request for judicial notice (Docket #40), a request to attach evidence to his motion for reconsideration (Docket #44), and a motion for reconsideration of the judgment pursuant to Fed. Rules of Civ. P. 54(b)[1] (Docket #36). For the reasons set forth below, Harrison's request for judicial notice is DENIED, his request to attach evidence to his motion for reconsideration is GRANTED, and his motion for reconsideration is DENIED.

//

//

[1]Harrison has moved for reconsideration of the judgment pursuant to Fed. Rules of Civ. P. 52(b), 54(b), 59(b), and 60(b)(1). Rules 52(b), 59(b) and 60(b)(1) are inapplicable in the instant situation where the Court has not made findings of fact (Rule 52(b)), no trial has yet been held (Rule 59(b)), and there has been no final judgment, order or proceeding (Rule 60(b)(1)). The motion for reconsideration is properly considered under Rule 54(b).

I. Request for Judicial Notice

Harrison requests that the Court take judicial notice of a quote in an article titled "From Negro to New African," authored by Taiwo Kujichagulia-Seitu and published in the San Francisco Bayview Newspaper in May of 2008. (Docket #40.) Harrison argues that the quote proves that the term "New Afrikan" is utilized by "'All' Black people/prisoners, and not just the BGF." Docket #40 at 2. Federal Rule of Evidence 201(b) provides that a "court may judicially notice a[n adjudicative] fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(a)-(b). The party requesting judicial notice bears the burden of persuading the court that the particular fact is not reasonably subject to dispute and is capable of immediate and accurate determination by resort to a source whose accuracy cannot reasonably be questioned. In re Tyrone F. Conner Corp., Inc., 140 B.R. 771, 781 (E.D. Cal. 1992). Harrison has not met this burden. Harrison does not address whether the San Francisco Bayview Newspaper or Taiwo Kujichagulia-Seitu are sources whose accuracy cannot reasonably be questioned. Accordingly, Harrison's request for judicial notice is DENIED. However, the Court has considered the entire record, including the above-referenced quote, in deciding the motion for reconsideration.

II. Request to Attach Additional Evidence

Harrison requests that the Court allow him to attach evidence in support of his motion for reconsideration. (Docket #44.) Harrison's request is GRANTED. The Court has reviewed the additional evidence which Harrison provides in support of his motion for reconsideration.

III. Motion for Reconsideration

In his Complaint, Harrison alleged that defendants had violated his First Amendment rights when they confiscated six pieces of incoming mail and four pieces of outgoing mail. Defendants moved for summary judgment, arguing that the confiscations were permissible

because the materials illegally promoted gang activity and/or violated prison prohibitions on inmate-to-inmate correspondence and revenue generation. The Court granted in part and denied in part defendants' motion for summary judgment. The Court found that prison officials' confiscation of Harrison's outgoing mail and his incoming mail stopped on March 19, 2008, did not violate his First Amendment rights. The Court also found that the record was unclear as to whether the confiscation of Harrison's incoming mail on April 9, 2008 and July 14, 2008, violated his First Amendment rights. This case was referred to the Pro Se Prisoner Settlement Program for settlement proceedings to address Harrison's First Amendment claims with respect to the incoming mails stopped on April 9, 2008 and July 14, 2008. A settlement conference is currently scheduled for May 25, 2012 before Magistrate Judge Vadas.

Harrison argues that reconsideration of the Court's summary judgment order is appropriate because the Court committed clear error in relying on the following statements made by defendants: the Black Guerilla Family ("BGF") prison gang has incorporated George Jackson's ideology; the BGF has appropriated the Black Panthers, George Jackson, and other revolutionary figures to promote BGF ideologies; BGF members circulate pamphlets which discuss BGF and Black Panther ideologies; the New Afrikan Response Network has been determined to be a BGF entity; the Black Panthers are a disruptive group; "George Jackson Lives" is an inflammatory statement; Anthony Rayson previously published gang-related materials for BGF; BGF members share their ideology to recruit/indoctrinate new members; and BGF members direct people in the outside community to type, display, and distribute BGF material. <u>See</u> Docket #36 at 3. Harrison argues that these statements are conclusory and/or false.

Harrison also provides the Court with the following "newly discovered" evidence which he alleges supports his motion for reconsideration: (1) a declaration from Anthony Rayson stating that Harrison's pamphlets "The George Jackson Lives! Series #4" and "One New Afrikan Nation Towards Black August Memorial" do not advocate violence or crime, but rather are a critical analysis of Harrison's politics (Docket #44, Exh. D); (2) a declaration from fellow

inmate Louis Powell, a self-described BGF and Black Liberation Movement expert, stating that defendants' above statements are an inaccurate understanding of the BGF (id., Exh. F); and (3) a letter from Rayson disavowing any connection to the Anarchist Black Cross (id., Exh. J).

Fed. R. Civ. Proc. 54(b) provides that any order which does not terminate the action is subject to revision at any time before the entry of judgment. See Fed. R. Civ. P. 54(b). Pursuant to Rule 54(b), "[r]econsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." School Dist. No. 1J, Multnomah County, Oregon v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). The Court has considered Harrison's motion for reconsideration and finds that he has not satisfied any of the factors necessary to warrant reconsideration.

Harrison misunderstands the standard of review applied in determining whether a prison regulation violates his constitutional rights. As discussed in the Court's summary judgment order, a prison regulation or practice limiting prisoners' receipt of mail is valid if it is reasonably related to legitimate penological interests. Thornburgh v. Abbott, 490 U.S. 401, 413 (1989) (citing Turner v. Safley, 482 U.S. 78, 89 (1987)). In the case of outgoing mail, the prison regulation must also (1) further "an important governmental interest unrelated to the suppression of expression," and (2) be "no greater than necessary or essential" to protect the governmental interest involved. Procunier v. Martinez, 416 U.S. 396, 413 (1974) overruled on other grounds by Thornburgh, 490 U.S. at 413–14. Prison officials are not required to show with certainty that any particular correspondence would have adverse consequences because prison administrators are given some latitude in anticipating the probable consequences of allowing a certain speech in and out of a prison environment. Procunier, 416 U.S. at 414. Courts owe "substantial deference to the professional judgment of prison administrators." Overton v. Bazzetta, 539 U.S. 126, 132 (2003).

The record shows that prison officials confiscated Harrison's mail because of specific statements made in a certain context which promoted the ideology of the BGF. See, e.g., Doc.

#1 at 33, 57–58, 59–60 and 93–94. Where prison administrators put forth a valid, rational and detailed connection between threats to prison security and the mail confiscation, the court must substantially defer to the professional judgment of prison administrators. Overton, 539 U.S. at 132. Accordingly, the Court found that the confiscation of two pieces of incoming mail stopped on March 19, 2008 and the outgoing mail stopped on March 1, 2007; February 17, 2009; and March 12, 2009 served the legitimate penological interest of maintaining prison security, and did not violate Harrison's First Amendment rights.[2] See Order Denying in Part and Granting in Part Defendants' Motion for Summary Judgment (Docket #20) at 10–14, 19–22.

Harrison's newly discovered evidence and allegations of clear error are merely re-statements of the arguments he raised at the summary judgment stage, which the Court addressed in its summary judgment decision. In essence, Harrison argues that there is no reasonable relationship between the BGF and George Jackson, the Black Panthers, the New Afrikan Response Network, or Anthony Rayson, and that his newly discovered evidence proves his point.

Harrison's evidence — the Rayson affidavit; the Rayson letter, and the Powell affidavit — does not raise a triable issue of material fact as to whether there is a reasonable connection between the BGF and George Jackson, the Black Panthers, the New Afrikan Response Network, and Anthony Rayson. The Rayson affidavit details Rayson's personal understanding of Harrison's writings; this does not disprove prison administrators' concern that Harrison's writings may be promoting BGF ideologies or used to promote the BGF. The Rayson letter disavows any connection with the Anarchist Black Cross and a website detailing Rayson's

///

///

---

[2]The Court also found that confiscation of Harrison's incoming mail from Neilson Gonzalez, stopped on July 14, 2008, did not violate the First Amendment because it was unauthorized inmate-to-inmate correspondence. Harrison does not appear to be challenging this finding.



United States District Court
For the Northern District of California

beliefs. However, confiscation of mail from Rayson was not based solely on these concerns. Powell's affidavit details Powell's personal understanding of and experience with the BGF; Powell has no knowledge of how the BGF has operated throughout the California prison system which is what underlies the prison administrators' decision to confiscate certain pieces of mail. Accordingly, Harrison's motion for reconsideration is DENIED.

IT IS SO ORDERED.

Dated: May 21, 2012

SUSAN ILLSTON
United States District Judge

United States District Court
For the Northern District of California