UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS L. HARRISON,<br><br>    Plaintiff,<br><br>  v.<br><br>D. E. MILLIGAN; et al.,<br><br>    Defendants.<br>_____/ | No. C 09-4665 SI (pr)<br><br>**ORDER DENYING REQUEST FOR CORRECTIVE ACTION** |

The court has entered judgment and an appeal is now pending. This matter is before the court now for consideration of plaintiff's request for the court "to take corrective action." Docket # 105 at 1. Plaintiff urges that the clerk failed to file a request for judicial notice he mailed on July 27, 2012 and therefore the court should allow the parties "to re-file [their] dispositive motions" so that they can be decided in light of the July 27, 2012 filing. *Id.* at 2. Plaintiff contends the district court erred in not filing his request for judicial notice dated July 27, 2012, and urges that the prison records attached to his request prove that he mailed a document to the court on July 27, 2012. Plaintiff's argument is unpersuasive. The prison records he offers do not show multiple documents being mailed to the court on that date, and the court already has a document that matches the mailing date. Specifically, the case management statement and request to stay proceedings has a proof of service showing a July 27, 2012 mailing date. *See* Docket # 64 at 19. Even if he could demonstrate that he mailed a document that did not get filed, plaintiff (a) fails to note that there was no motion for summary judgment pending when he allegedly mailed the document, (b) fails to show that the matters in the document properly

were subject to judicial notice, *see M/V Am. Queen v. San Diego Marine Constr. Corp.*, 708 F.2d 1483, 1491 (9th Cir. 1983) (stating general rule that "a court may not take judicial notice of proceedings or records in another cause so as to supply, without formal introduction of evidence, facts essential to support a contention in a cause before it"), and (c) fails to explain why he did not include the information in his opposition to the motion for summary judgment.

Plaintiff also complains that the non-filing of the July 27, 2012 document is part of a pattern of the clerk not filing his documents or sending orders to him. As shown in the foregoing paragraph, he is wrong about the failure to file; he also is wrong about the failure to send orders. He identifies two orders that he claims he never received. First, he asserts that the clerk "failed to send plaintiff a copy of Judge Susan Illston's summary judgment ruling from 9/21/11." Docket # 105-1 at 3. The court's records show that the clerk mailed the September 21, 2011 order to him twice, as evidenced by the "notice of electronic filing or other case activity" for Docket # 20, and the unnumbered docket entry on February 28, 2012. To the extent plaintiff suggests that he *never* received the order, he misrepresents the facts, as he specifically stated in an earlier filing that he did receive the order, albeit late. *See* Docket # 36-1 at 1. Second, plaintiff asserts that the clerk failed to mail to him the order at Docket # 57. That order, however, has a proof of service showing that it was mailed on June 15, 2012. Docket # 57-1. There are numerous places where documents can get misdirected or lost between the clerk's desk and the prisoner's cell, and his speculation that the error is occurring at the clerk's desk is unfounded.

Plaintiff's request for corrective action is DENIED because he is not entitled to the corrective action he seeks. (Docket # 105.) All further motions must be filed in the court of appeals during the pendency of the appeal.

IT IS SO ORDERED.

Dated: February 10, 2014

_____
SUSAN ILLSTON
United States District Judge

2